UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 6:20-cr-114-CEM-LRH

STACY R. CARUVANA

### UNITED STATES' RESPONSE IN OPPOSITION TO MOTION FOR PRETRIAL RELEASE DUE TO COVID-19

The United States opposes the defendant's motion for pretrial release from the Seminole County Jail due to the COVID-19 pandemic (Doc. 78). The existence of COVID-19 does not require the defendant's release from custody.

### BACKGROUND

On June 11, 2021, the defendant pleaded guilty to knowingly falsifying an email that she sent to an agent from the NASA Office of Inspector General, with the intent to influence an investigation into NASA employee A.C., in violation of 18 U.S.C. § 1519. At that time, the Court remanded the defendant into the custody of the U.S. Marshall due to violations of her pre-trial release conditions, including failing to make plans to attend the initial change of plea hearing scheduled in this case. Since June 11, 2021, the

defendant has been housed at the Seminole County Jail. Her sentencing hearing was originally scheduled for August 31, 2021 (*see* Doc. 59), but was continued at the defendant's request to November 23, 2021. *See* Docs. 66, 74.

On June 16, 2021, the defendant moved for release from custody, citing, among other things, the same medical conditions that the defendant relies upon for her release in the instant motion. *See* Doc. 61 at 5. That motion was denied by this Court. *See* Doc. 65 (stating that the defendant "violated multiple conditions of her pre-trial release and shall remain in custody pending sentencing").

The defendant now seeks release from custody on the basis of the ongoing COVID-19 pandemic. *See* Docs. 78 & 78-3. Specifically, the defendant asserts that she should be placed on home confinement because the current COVID "Delta Variant presents a more lethal and more transmissible threat than the Covid 19 non-Delta virus." Doc. 78-3 at 4 (further asserting that "[a]t the time of the Court's [prior] decision denying pre sentence release, the Delta Varian had not yet reached the current saturation state in the State of Florida"). Defendant states that she "is not vaccinated." *Id.* at 8. She further asserts that "[a]s an unvaccinated individual, she fits into the category of the most vulnerable to contracting Covid 19" and that "about 99.5% of all

2

deaths from COVID-19 are in the unvaccinated." *Id.* Defendant does not provide a reason for why she is unvaccinated.

## ARGUMENT

The United States submits that the existence of COVID-19 does not require the defendant's release. The defendant's failure to obtain a vaccination against COVID-19 belies her argument that she considers herself at great risk for infection while incarcerated.

On September 23, 2021, and then again on October 5, 2021, the undersigned Assistant United States attorney communicated with M.R., an infection control nurse at the Seminole County Jail. M.R. indicated that all inmates at the Seminole County Jail are given the option to request the COVID vaccination series. M.R. further indicated that "[o]nce a request is made to be vaccinated, we make every attempt to vaccinate in a timely manner." M.R. stated that she had "reviewed [ ] our vaccination requests and pending written correspondence with our medical nurses and found that inmate Stacy Caruvana has not requested the covid vaccination."

In addition, on October 5, 2021, the undersigned Assistant United States attorney communicated with M.P., a health services director at the Seminole County Jail. He confirmed that any time the vaccine is requested by an inmate, it is administered in a timely manner, stating that it takes no

more than 7 to 10 days from the time that an inmate requests vaccination for the first dose to be administered.

The defendant has thus failed to take advantage of a primary means to protect herself against the virus while incarcerated. This undermines her argument that the Court should protect her against the virus by removing her from custody. *See United States v. Baptiste-Harris*, 2021 WL 1583081, at *2 (D. Me. Apr. 22, 2021) ("The Defendant offers no support for the idea that he can argue that he is in harm's way, reject measures to mitigate the harm, and then use the continued risk of harm as a justification for release. . . . He cannot, on the one hand, listen to the Centers for Disease Control's advice about who is most at risk of serious illness, but then ignore the same agency's advice to get a vaccine."); *United States v. Lomax*, 2021 WL 1720224, at *2 (D. Md. Apr. 30, 2021) ("Courts now recognize that a refusal to take preventative measures to protect oneself from COVID-19 undermines any assertion that the risk of viral infection constitutes an extraordinary and compelling reason justifying release."); *United States v. Gianfelli*, 2021 WL 1340970 (D. Mass. Apr. 9, 2021) ("Although defendant has the right to refuse medical treatment, this Court will not reward such refusal to protect himself with a get-out-of-jail card."); *United States v. Figueroa*, 2021 WL 1122590, at *5 (E.D. Cal. Mar. 24, 2021) ("If defendants could buttress their motions for compassionate release by refusing

4

a safe and effective vaccine, they would be operating on an unfairly perverse incentive."); *United States v. Reynoso*, 2021 WL 950081, at *2 (D. Mass. Mar. 12, 2021) ("[T]he sincerity of his concern for his health is dubious given that he rejected the opportunity to receive the COVID-19 vaccine").

The COVID-19 pandemic affects all citizens—not just those who are incarcerated—and has limited bearing on whether conditions of release will reasonably assure the defendant's appearance and the safety of the community. 18 U.S.C. § 3142(f). COVID-19 does not change the weight of the evidence or the defendant's prior history of engaging in crime or violating the terms of pre-trial release. In addition, nothing about COVID-19 materially changes the defendant's incentives to flee. Just as the defendant's prior disregard for court hearings increases her risk of flight, so too does law enforcement's and the U.S. Probation Office's lesser access to human resources during the pandemic to safeguard against her flight.

There has always been the potential for the spread of infectious disease in a detention facility. Detention officials have substantial experience ensuring that viral outbreaks are minimized at their facilities and recognize the unique threat posed by the transmission of viruses inside a jail. Therefore, these facilities employ longstanding policies and procedures to protect against, or minimize the scope of, outbreaks of serious diseases, including COVID-19.

## CONCLUSION

The defendant's motion for pre-trial release should be denied.

    Respectfully submitted,

    KARIN HOPPMANN
    Acting United States Attorney

By: */s/ Chauncey A. Bratt*
    CHAUNCEY A. BRATT
    Assistant United States Attorney
    USA No. 174
    400 W. Washington Street, Suite 3100
    Orlando, Florida   32801
    Telephone:   (407) 648-7500
    Facsimile:   (407) 648-7643
    E-mail: chauncey.bratt@usdoj.gov

U.S. v. CARUVANA                               Case No. 6:20-cr-114-CEM-LRH

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of the filing to the following:

Robert Tarver, Esq.

                                                    */s/ Chauncey A. Bratt*
                                                   CHAUNCEY A. BRATT
                                                   Assistant United States Attorney
                                                   USA No. 174
                                                   400 W. Washington Street, Suite 3100
                                                   Orlando, Florida   32801
                                                   Telephone:   (407) 648-7500
                                                   Facsimile:    (407) 648-7643
                                                   E-mail: chauncey.bratt@usdoj.gov